IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BANK OF AMERICA, N.A.,              :
                                        :
           Plaintiff,        :
                                          :
          v.                :    C.A. No. 07-159-GMS
                                          :
S.I.P. ASSETS, LLC and          :
EVERY PENNY COUNTS, INC.,     :
                                          :
          Defendants.    :

## OPENING BRIEF IN SUPPORT OF
## DEFENDANT S.I.P ASSETS, LLC'S MOTION TO DISMISS

PROCTOR HEYMAN LLP
Kurt M. Heyman (# 3054)
E-mail:  kheyman@proctorheyman.com
Patricia L. Enerio (# 3728)
E-mail:  penerio@proctorheyman.com
Aimee M. Czachorowski (# 4670)
E-mail:  aczachorowski@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant S.I.P. Assets, LLC

DATED:     May 4, 2007

**TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDING.................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

    A.   Background .......................................................................................................... 3

    B.   History of the '191 Patent .................................................................................... 3

ARGUMENT ................................................................................................................... 5

    I.   Standard on This Motion .................................................................................... 5

    II.   There is No Actual Controversy Between SIP and Bank of America
          Regarding the '191 Patent..................................................................................6

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Cases

*Bell Atlantic Corp. v. MFS Communications Co.*, 901 F. Supp. 835 (D. Del. 1995) .................... 6

*EEOC v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) ............................................. 8

*In re Intel Corp. Microprocessor Antitrust Litig.*, 452 F. Supp. 2d 555 (D. Del. 2006). ............... 5

*Lucien Lelong, Inc. v. Dana Perfumes, Inc.*, 138 F. Supp. 575 (D.C. Ill. 1955) ........................... 6

*McCurrach v. Cheney Bros.*, 152 F.2d 365 (2d Cir. 1945) ........................................................... 6

*Mutual Pharmaceutical Company, Inc. v. Pfizer, Inc.*, 307 F. Supp. 2d 88 (D.D.C. 2004) ....... 5, 6

*Noble Fiber Technologies, LLC v. Argentum Medical, LLC*, 2006
    WL 1793219 (M.D. Pa.) .................................................................................................. 5, 7

*Smith v. Keycorp Mortg., Inc.,* 151 B.R. 870 (N.D. Ill. 1993) ....................................................... 7

*W.L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700
    (D. Del. 1976) ...................................................................................................................... 6

Rules

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 5

Fed. R. Civ. P. 12(h)(3) .................................................................................................................. 5

## NATURE AND STAGE OF THE PROCEEDING

On January 25, 2007, Defendant Every Penny Counts, Inc. ("EPC") brought a suit against Bank of America Corporation in the Middle District of Florida ("the Florida Action"). The Florida Action alleges that Bank of America's "Keep the Change" program infringes upon a patent assigned to EPC in August of 2000 (the "'191 patent").

On March 20, 2007, Plaintiff Bank of America, N.A. ("Plaintiff" or "BOA") filed the original complaint in this declaratory judgment action against EPC and S.I.P. Assets, LLC ("SIP"). (D.I. 1). BOA is an affiliate of the defendant in the Florida Action; SIP is not a party to the Florida Action. BOA filed a First Amended Complaint ("Complaint" or "Compl.") in this action on April 11, 2007. (D.I. 8). The Complaint contains three counts, seeking declaratory judgments: (1) that BOA is not infringing the '191 patent; (2) that the '191 patent is invalid; and (3) to determine the owner of the '191 patent.

SIP filed its Answer to Plaintiff's First Amended Complaint ("Answer" or "Ans.") on April 26, 2007. (D.I. 11). SIP's Answer has now been verified. (D.I. 12). In its Answer, SIP states unambiguously that it never owned the '191 patent, that it is only a former licensee of the '191 patent from EPC, that is has no current rights to the '191 patent, and that it has no intention to assert any claims against BOA relating to the '191 patent.[1]

Because SIP has no current interest in the '191 patent, and no claims against BOA relating to the '191 patent, it has no interest adverse to BOA in this action. Accordingly, BOA's claims against SIP are moot, subject matter jurisdiction is lacking and SIP should be dismissed as

---

[1]     SIP states that it has no "current" rights to the '191 patent and retains all rights and privileges that arose during the time that it was licensee of EPC. Those rights and privileges, however, do not relate to establishing the ownership or validity of the '191 patent and, in any event, are not claims against BOA.

a defendant in this action.  This is SIP's opening brief in support of its motion to dismiss for lack of subject matter jurisdiction.

<u>STATEMENT OF FACTS</u>

A.    <u>Background</u>

On August 29, 2000, EPC was assigned United States Patent No. 6,112,191 (the '191 patent), entitled "Method and System to Create and Distribute Excess Funds from Consumer Spending Transactions." (Compl. ¶ 8).  It continues to hold that patent.  (*Id.*).

BOA is a federally chartered banking institution.  (Compl. ¶ 1).  It is the provider of the "Keep the Change Program" to its debit card customers, a program which EPC contends violates the '191 patent.  (Compl. ¶¶ 10, 11).   EPC has sued BOA for infringement of the '191 patent in the Florida Action.  (*Id.* ¶ 10).

On April 20, 2004, SIP entered into a License Agreement with EPC pursuant to which EPC granted SIP an exclusive license to certain patents, including the '191 patent, within a "Field of Use." (Ans. ¶ 9 & Ex. A).  On June 8, 2005, SIP received a written notice from EPC indicating that the License Agreement was terminated.  (*Id.* & Ex. B).  As a result of the termination of the License Agreement, SIP claims no current license rights with respect to the '191 patent.  (*Id.*).  Moreover, SIP never owned the '191 patent.  (*Id.*).

B.    <u>History of the '191 Patent</u>

EPC is the owner of the '191 patent, and has been since the patent was assigned to it in August of 2000.  (Compl. ¶ 8).  In April of 2004, SIP and EPC entered into a License Agreement that made SIP the exclusive licensee of the '191 patent, within a "Field of Use." (Ans. ¶ 9 & Ex. A).  After entering into the License Agreement, SIP attempted to market the technology covered by the '191 patent.  In its efforts, SIP made several presentations to BOA.  BOA asserts in its Complaint that SIP represented in one of its presentations that it had "acquired" the '191 patent. (Compl. ¶ 9).  BOA asserts that this statement made in a presentation gives it "real apprehension

3

that SIP is a real party in interest that, if not joined in this suit, may subject [BOA] to a multiplicity of suits concerning [BOA's] alleged infringement of the '191 patent."  (Compl. ¶ 13).   This fear is unfounded and makeweight. SIP has never had any ownership in the '191 patent, it has never threatened to sue BOA for infringement of the '191 patent, and it has expressly disclaimed any current licensing or ownership rights to the '191 patent and any intention to bring suit against BOA in connection with the '191 patent.  (Ans. ¶¶ 4, 9, 13, 15, 18, 22).

ARGUMENT

I.      Standard on This Motion

Defendant SIP moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[2] "Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of any interested party where there exists an actual controversy, defined as a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Mutual Pharmaceutical Company, Inc. v. Pfizer, Inc.*, 307 F. Supp. 2d 88, 92 (D.D.C. 2004). "A plaintiff seeking declaratory judgment must satisfy a two-pronged test to demonstrate that an actual controversy exists for purposes of subject-matter jurisdiction." *Id.* In order for a plaintiff in a patent dispute to show an actual controversy, it must show "both 1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and 2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."[3] *Noble Fiber Technologies, LLC v. Argentum Medical, LLC*, 2006 WL 1793219, at *4 (M.D. Pa.) (Ex. 1 hereto). "Further, if there is no express charge of infringement, the plaintiff bears the burden of proof on the first element to show that, under the totality of the

_____

[2]      "In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the plaintiff's complaint. Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. Pursuant to [Fed. R. Civ. P.] 12(h)(3), subject matter jurisdiction may be challenged at any time during the course of a case and may be raised *sua sponte* by the Court. Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff 'must bear the burden of persuasion' and establish that subject matter jurisdiction exists." *In re Intel Corp. Microprocessor Antitrust Litig.*, 452 F. Supp. 2d 555, 558 (D. Del. 2006) (citations omitted).

[3]      SIP assumes for purposes of this motion that the second required element for obtaining declaratory relief -- possible patent infringement by BOA -- is satisfied, based upon the existence of the Florida Action alleging infringement by BOA (or its affiliate), but SIP takes no position as to whether the alleged infringement has actually occurred.

5

circumstances, the apprehension of suit was objectively reasonable." *Mutual Pharmaceutical*, 307 F. Supp. 2d at 93.

II.   There is No Actual Controversy Between SIP and Bank of America Regarding the '191 Patent

All counts of the Complaint should be dismissed as to SIP for the simple reason that it has no current interest in the '191 patent and therefore no stake in the outcome of this declaratory judgment action.   SIP is only a **former** licensee of the '191 patent, and it has **never** had an ownership interest in the '191 patent, so its presence as a party in this action is not necessary to the adjudication of the underlying dispute over patent ownership and validity between BOA and EPC.   Indeed, SIP has expressly disclaimed any ownership interest in the '191 patent.[4]   (Ans. ¶ 9).   Courts (including this one) have dismissed declaratory judgment defendants under similar circumstances. *Lucien Lelong, Inc. v. Dana Perfumes, Inc.*, 138 F. Supp. 575, 582 (D.C. Ill. 1955) (declaratory judgment action dismissed as moot where there was no longer any controversy between the parties after trademark holder expressly disclaimed any interest in the trademark at issue); *W.L. Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 702 (D. Del. 1976) (after patent holder disclaimed all rights to patent, no justiciable case or controversy remained and court no longer had jurisdiction with respect to validity or invalidity of patent); *McCurrach v. Cheney Bros.*, 152 F.2d 365, 367 (2d Cir. 1945) (where patent holder "defendant expressly disclaimed any claim that plaintiff infringed its patent . . . there was no room thereafter for a declaratory judgment as to its invalidity"); *Bell Atlantic Corp. v. MFS Communications Co.*, 901 F. Supp. 835, 848-49 (D. Del. 1995) ("Adversity of interest between [the parties] does not appear on the record before the court because none of Bell Atlantic's

---

[4]      BOA's only assertion that SIP has any interest in the '191 patent is that SIP stated in a presentation to BOA that it had "acquired" the '191 patent. (Compl. ¶ 9).   SIP made multiple presentations to BOA, and to the extent that it may have suggested in one of them that it had any ownership interest in the '191 patent, it has now unambiguously clarified that it does not.

proffered examples evinces a real or substantial 'probability of an antitrust suit that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Because Bell Atlantic fails to demonstrate adversity of interest, the Court concludes that . . . Bell Atlantic's complaint [is] unripe and therefore non-justiciable.") (citation omitted); *Smith v. Keycorp Mortg., Inc.,* 151 B.R. 870, 873 (N.D. Ill. 1993) (declaratory judgment action dismissed as moot after defendant waived its right to collect late charges pursuant to mortgage agreement).

Additionally, BOA simply cannot be in reasonable apprehension of a suit by SIP over the '191 patent, because SIP has never threatened to sue BOA over the '191 patent and has expressly disclaimed any intent to do so. Courts have found such communications to remove any reasonable apprehension of suit in the mind of a plaintiff. In *Noble Fiber*, the defendant patent holder wrote to plaintiff's counsel expressly stating that the plaintiff's product did not infringe upon defendant's patent. Because the defendant had disclaimed any interest in bringing a claim against plaintiff based on its patent, the court found that plaintiff had not been placed in reasonable apprehension of suit. Subject matter jurisdiction therefore did not exist. *Noble Fiber*, 2006 WL 1793219, at *4-5. In this case, SIP's similar representations should lead to a finding that there is no reasonable apprehension of suit and that there are no adverse interests between BOA and SIP regarding the '191 patent. As such, the declaratory judgment request is moot and SIP should be dismissed for lack of subject matter jurisdiction.

Finally, SIP notes that BOA's apparent rationale for this suit is to obtain discovery in aid of the Florida Action. BOA alleges that it is entitled to a declaratory judgment as to the chain of title of the '191 patent so it may determine who is entitled to damages over the relevant period. (Compl. ¶ 22). Of course, the "damages" to which BOA refers could only be the potential damages that may be entered against itself (or its affiliate) in the Florida Action. If BOA wishes

to inquire into the chain of title of the '191 patent, it could simply take discovery in the Florida Action. SIP does not need to be named as a party in this action in order for BOA to obtain such discovery.[5] In any event, any such discovery from SIP would lead to a dead end, since SIP **never** owned the '191 patent.

CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Complaint fails to establish an actual controversy between SIP and BOA, and it should therefore be dismissed with prejudice as to SIP for lack of subject matter jurisdiction.

PROCTOR HEYMAN LLP

Kurt M. Heyman (# 3054)
E-mail: kheyman@proctorheyman.com
Patricia L. Enerio (# 3728)
E-mail: penerio@proctorheyman.com
Aimee M. Czachorowski (# 4670)
E-mail: aczachorowski@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant S.I.P. Assets, LLC

DATED:     May 4, 2007

---

[5]     BOA's rationale for this suit also raises the questions of (1) why it (or its affiliate) did not simply file a counterclaim in the Florida Action, the first filed action between the two main litigants, BOA and EPC, rather than bringing this declaratory action; and (2) whether this Court should decline to hear this case at all in light of the first filed Florida Action. *See EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) ("[I]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.") (citations omitted).

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on May 4, 2007, copies of the foregoing Opening Brief in Support of Defendant S.I.P. Assets, LLC's Motion to Dismiss were served electronically upon the following counsel:

Richard L. Horowitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, LLC
Once Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801

Patricia L. Enerio (# 3728)

# EXHIBIT 1

**To the Opening Brief in Support of
Defendant S.I.P Assets, LLC's Motion to Dismiss**

Westlaw.

Not Reported in F.Supp.2d                                                        Page 1
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

C

Noble Fiber Technologies, LLC v. Argentum Medical, LLC
M.D.Pa.,2006.
Only the Westlaw citation is currently available.
    United States District Court,M.D. Pennsylvania.
    NOBLE FIBER TECHNOLOGIES, LLC, Plaintiff,
v.
ARGENTUM MEDICAL, LLC, a Delaware Limited Liability Company, Argentum International, LLC, a Georgia Limited Liability Company, Argentum Research, Inc., a Georgia Corporation, and Tom Miller, Defendants.
        **Civil Action No. 3:05-CV-01855.**

June 27, 2006.

Arthur L. Piccone, Jennifer Lynne Rogers, Hourigan, Kluger & Quinn, P.C., Kingston, PA, Joseph W. Bain, West Palm Beach, FL, for Plaintiff.
Jacob Daniel Koering, Jennifer Fitzgerald, Leland Hutchinson, Matthew J. Kramer, Freeborn & Peters LLP, Chicago, IL, Karoline Mehalchick, Oliver, Price & Rhodes, Clarks Summit, PA, for Defendant.

*MEMORANDUM*
A. RICHARD CAPUTO, District Judge.
**\*1** Presently before the Court is Defendants' Motion to Dismiss (Doc. 13). Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, I will grant the motion.

BACKGROUND

Plaintiff, Noble Fiber Technologies ("Noble") markets and distributes a silver fiber which is incorporated into fabrics for medical uses. (Doc. 3, ¶ 1.) Noble is a Pennsylvania limited liability corporation with its principal place of business located in Scranton, Pennsylvania. Id.

Defendant Argentum Medical is a Delaware limited liability corporation which also sells products incorporating silver fiber, under the name Silverlon, and has its principal place of business in Willowbrook, Illinois. (Doc. 3, ¶ 2.) Defendant Argentum International is a Georgia limited liability corporation with its principal place of business in Lakemont, Georgia. (Doc. 3, ¶ 3.) Defendant Argentum Research is a Georgia corporation with its principal place of business in Lakemont, Georgia. (Doc. 3, ¶ 4.) Defendant Tom Miller is purportedly an agent of Argentum Medical, Argentum International, and Argentum Research. (Doc. 3, ¶ 5.)

Argentum International is alleged to be the current assignee of U .S. Patent No. 6,087,549 ("the 549 Patent"), U.S. Patent No. 6,861,570 ("the 570 Patent") and U.S. Patent Application 09/613,961 ("the 961 Application"). (Doc. 3, ¶ 3.) In addition, Argentum Medical is alleged to be the exclusive licensee of the 570 Patent and the 961 Application. (Doc. 3, ¶ 6.) The 570 Patent is a continuation of the 549 Patent, and the 961 Application is a child patent of the 549 Patent. (Doc. 3, ¶ ¶ 11-13, 25.) It is undisputed that the 961 Application had not issued as a patent as of September 13, 2005.

According to Plaintiff, the Defendants' conduct and correspondence pertaining to claims covered by the 549 Patent, the 570 Patent and the 961 Application have placed Noble in apprehension of an infringement suit. (Doc. 3, ¶ 31.) In particular, Noble alleges that Argentum Medical, Argentum Research, and Tom Miller accused Julius Zorn, Inc. ("Juzo") of infringing "Silverlon's patents" through Juzo's incorporation of silver fiber fabrics developed by Noble into Juzo's products. (Doc. 3, ¶ ¶ 17-18.) Plaintiff further alleges that Tom Miller represented to Juzo that William McNally, President and CEO of Noble Fiber, knows that Noble's products infringe "Silverlon's patents" but will not inform Juzo of the infringement. (Doc. 3, ¶ ¶ 19-20.) Tom Miller also stated, however, that Argentum would not pursue Juzo for infringement since it did not sell compression wound dressings. (Doc. 3, ¶ 21.) Further, Tom Miller is alleged to have stated to Juzo that Johnson & Johnson is infringing Argentum's patent rights, but that Argentum would not pursue Johnson & Johnson because it is too big to sue. Id.

**\*2** Next, Noble alleges that on June 30, 2005, Tom Miller sent an email to J & D Wilkie, Ltd, a company who had considered utilizing Noble's silver fiber technology in some of its textile products. (Doc. 3, ¶ 22-23.) The email allegedly stated that "Noble Fiber will be infringing on Argentum's IP if they promote or sell a silver fiber for physiological

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

condition." *Id.* The email did not clearly mention either the 570 patent or the 961 Application.

Then, on April 8, 2005, Argentum Medical allegedly sent a letter to Noble ("April 8th Letter"). (Doc. 3, ¶ 24.) The letter, as submitted by the Defendants, is addressed to Noble's affiliate, Sauquoit Industries, and states in relevant part:

[Your] product or products appear to share many if not all of the features of the subject matter claimed in U.S. Patent No. 6,861,570. Accordingly, Argentum Medical invites you or your representative to contact the undersigned to explore possible licensing opportunities with regard to U.S. Patent No. 6,861,570 and related patents and patent applications. Alternatively, Argentum Medical invites you to provide written comments on which features of the subject matter claimed in U.S. Patent No. 6,861,570 are not found in your product or products.

(Doc. 14, Ex. 1.) On May 11, 2005, Argentum Medical allegedly wrote Noble a virtually identical letter concerning the claims contained in the 961 Application ("May 11th Letter"). (Doc. 3, ¶ ¶ 26.) On September 13, 2005, Plaintiff filed a Complaint (Doc. 1) in this Court. On October 21, 2005, Plaintiff filed an Amended Complaint seeking a declaratory judgment regarding the 549 Patent and the 570 Patent; and alleging violations of the Lanham Act, 15 U.S.C. § 1125, and Pennsylvania law. (Doc. 3.)

According to Defendants on October 3, 2005, in the interim between complaints, Defendants' counsel wrote a letter to Plaintiff's counsel stating that Noble's single-layered silver nylon wound dressings "would not infringe Argentum's 570 Patent, which covers certain multi-layered wound dressings" ("October 3rd Letter"). (Doc. 14, Ex. 2.)

Following the filing of the Amended Complaint, on February 3, 2006, Defendants filed the present Motion to Dismiss (Doc. 13). Plaintiff filed a Brief in Opposition (Doc. 20), along with supporting Declarations from Vandana Koelsch (Doc. 18) and William McNally (Doc. 19) on March 6, 2006. Defendants submitted a Reply Brief (Doc. 30) on March 16, 2006. This motion is, therefore, fully briefed and ripe for disposition.

## LEGAL STANDARDS

### a. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction in one of two ways. *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). A defendant may assert a "facial challenge to jurisdiction, asserting that plaintiffs' complaint, on its face does not allege sufficient [grounds] to warrant the [C]ourt in taking jurisdiction." *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.,* 721 F.2d 68, 75 (3d Cir.1983). In the alternative, a defendant may assert a factual attack on the jurisdictional allegations in the complaint. *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000).

*3 The Court is not bound to the four corners of the complaint when determining whether it possesses the power to hear the case. *See Gotha v. United States,* 115 F.3d 176, 178-79 (3d Cir.1977) (citing *Mortensen,* 549 F.2d at 891). Rather, the Court is permitted to weigh the available evidence to determine whether subject matter jurisdiction exists. *Mortensen,* 549 F.2d at 891. In doing so, the Court must "satisfy itself as to the existence of its power to hear the case." *Id.*

### b. Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of an action where the district court lacks personal jurisdiction over the defendant. In deciding a motion to dismiss for lack of in-personam jurisdiction, the court generally must take as true the allegations contained in the complaint. *See Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir.1996) (citations omitted). However, it is the plaintiff that bears the burden of proving, by affidavits or other competent evidence, that the court may properly assert jurisdiction over the defendant. *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d. Cir1990).

### c. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 3
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).*

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).* The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998),* nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).*

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes, 416 U .S. 232, 236 (1974).* The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993).* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir.2000).*

### DISCUSSION

**\*4** Defendants first move to dismiss Counts I, II, III, IV, V, and VI of the Amended Complaint, Plaintiff's claims for declaratory relief, pursuant to Rule 12(b)(1).

### 1. Declaratory Judgment-Actual Controversy

An actual controversy must be present before a declaratory judgment action is ripe for adjudication. *Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 887 (Fed.Cir.1992);* 28 U.S.C. § 2201. As such,

declaratory justiciability of patent disputes requires: both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*BP Chems. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed.Cir.1993)* (citing *Jervis B. Webb Co. v. Southern Sys., Inc., 742 F.2d 1388, 1398-99 (Fed.Cir.1984)).* Furthermore, an actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed.Cir.1999)* (quoting *Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).*

In the present case, the parties dispute only the first prong discussed above. Therefore, the Court will only address whether Plaintiff has been placed in reasonable apprehension of an infringement suit.

### a. Reasonable Apprehension

### i. Explicit Threat, or Totality of the Circumstances

Initially, courts look for an explicit threat of suit. *NutraSweet Co. v. Ajinomoto Co., 423 F.Supp.2d 450, 455 (D.Del .2006)* (citing *Gen-Probe v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed .Cir.2004)).* In the absence of an explicit threat, the Court "must look to the totality of the circumstances to determine if an actual controversy exists." *Shell Oil, 970 F.2d at 888.* For the following reasons, I find that there is neither an explicit threat of suit nor a totality of the circumstances in the present case sufficient to demonstrate the presence of an actual controversy between the parties.

First, assuming all facts in favor of the Plaintiff, the April 8th Letter sent to Noble is insufficient to create a reasonable apprehension of suit. A "patentee's statement that it intend[s] to enforce [its] patent [has been] held not to create a reasonable apprehension of suit." *NutraSweet Co., 423 F.Supp.2d at 454* (quoting *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1054 (Fed.Cir.1995)).* Likewise, "the offer of a patent license does not create an actual controversy." *NutraSweet Co., 423 F.Supp.2d at 454* (citing *Phillips Plastics Corp., 57 F.3d at 1053).* Therefore, the April 8th Letter fails to demonstrate an explicit threat of suit.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 4
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Second, the May 11th Letter to Noble also fails to establish an actual controversy between the parties. There can be no actual controversy when a patent applicant threatens to enforce an application which has not yet issued. *GAF Building Materials Corp. v. Elk Corp. of Dallas,* 90 F.3d 479, 482 (Fed.Cir.1996). The May 11th Letter pertained only to the 961 Application which had not issued, therefore any threat contained within the letter was based in the future and cannot sustain a reasonable apprehension of suit.

*5 Third, the comments directed to Noble's actual and potential customers do not sufficiently support a reasonable apprehension of suit given the totality of the circumstances in the present case. In particular, the comments to Juzo regarding possible infringement by Noble were accompanied by an express statement that Argentum would not pursue Juzo for infringement. Further, the email to J & D Wilkie, Ltd, is in future tense. Namely, the email states that "Noble Fiber will be infringing on Argentum's IP if they promote or sell a silver fiber for physiological condition." (Doc. 3, ¶ ¶ 22-23.) It is unclear whether the email pertains to the 570 patent or the 961 Application. Any claims regarding future rights under the 961 Application are not timely before this Court. *See GAF Building Materials,* 90 F.3d at 482. Moreover, the Court is persuaded that the October 3rd Letter between counsel sufficiently removed any possible controversy regarding Noble's infringement of the 570 Patent. *See Super Sack Mfgr. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1059 (Fed.Cir.1995). Defendants have now, on multiple occasions, articulated that they have no interest in asserting the 570 patent against any single layer product.

In the absence of an explicit threat of suit, and considering the totality of the circumstances, I find that Noble has not been placed in reasonable apprehension of suit. As such, Counts I through VI of the Amended Complaint will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2. Lanham Act, 15 U.S.C. § 1125(a)(1)(B); Tortious Interference with Contractual Relations; and Common Law Commercial Disparagement

Defendants, next, move to dismiss Plaintiff's remaining claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. For the following reasons, I will grant Defendants' motion.

a. Bad Faith

Plaintiff's remaining claims allege violations of Pennsylvania state law, as well as the false advertising breach of the Lanham Act, 15 U.S.C., § 1125(a)(1)(B).

In order to prove a violation under the Lanham Act, Plaintiff must allege and ultimately prove: (1) that the defendant made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the defendant caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to the plaintiff. *Zenith Elecs. Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1348 (Fed.Cir.1999). Further, "[a]bsent bad faith, there can be no violation of the Lanham Act in such a context because a patent holder is entitled to enforce its rights, which include threatening alleged infringers with suit." *ISCO Int'l, Inc. v. Conductus, Inc.,* 279 F.Supp.2d 489, 504 (D.Del.2003). In addition, Plaintiff's state law tort claims also require allegations and ultimately proof of bad faith, in order "to avoid patent law preemption ..., even if bad faith is not otherwise an element of the tort claim." *Id.* at 506 n. 8. Lastly, Plaintiff's remaining claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and, as such, require Plaintiff to state its allegations with particularity. FED. R. CIV. P. 9(b)

*6 Defendants argue, specifically, that Plaintiff has failed to allege the necessary element of bad faith with particularity. Plaintiff counters that it has expressly described: (1) Tom Miller's statements to Juzo and Wilkie; (2) that Defendant Miller's statements were false; (3) that Noble alleged that Defendant Miller made the statements in bad faith knowing they were false; and (4) Noble has asserted that it is not infringing the 549 Patent, the 570 Patent or the 961 Application and has alleged that the 549 Patent and the 570 Patent are invalid and unenforceable. I find these allegations to be conclusory and insufficient to allege bad faith with the particularity necessary under Rule 9(b). There are no facts alleged within the Amended Complaint

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 5
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

demonstrating why the statements were false or how Defendant Miller knew that the statements were false. Absent such a showing, Defendant Miller's statements cannot demonstrate bad faith. *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 165 F.3d 891, 897 (Fed.Cir.1998) ("In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights. Indeed, a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights 'even though he may misconceive what those rights are.' ") (quoting *Kaplan v. Helenhart Novelty Co.,* 182 F.2d 311, 314 (2d Cir.1950)).

As such, I find that Plaintiff has failed to sufficiently plead the necessary element of bad faith and I will grant Defendants' motion to dismiss Plaintiff's remaining claims pursuant to Rule 12(b)(6).

### CONCLUSION

First, in the absence of an explicit threat of suit, and considering the totality of the circumstances, I find that Noble has not been placed in reasonable apprehension of suit. As such, Counts I through VI of the Amended Complaint seeking declaratory judgment will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Second, I find that Plaintiff has failed to sufficiently plead the necessary element of bad faith and I will grant Defendants' motion to dismiss Plaintiff's remaining claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

All claims in the Amended Complaint will be dismissed and I need not reach Defendants' arguments pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

An appropriate Order will follow.

### *ORDER*

NOW, this 27th day of June, 2006, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 13) is GRANTED.

M.D.Pa.,2006.
Noble Fiber Technologies, LLC v. Argentum

Medical, LLC
Not Reported in F.Supp.2d, 2006 WL 1793219 (M.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.