IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-159-GMS |
| ) | |
| S.I.P. ASSETS, LLC and ) | |
| EVERY PENNY COUNTS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

## I.  INTRODUCTION

On March 20, 2007, plaintiff Bank of America, N.A. ("BANA") filed the above-captioned declaratory judgment action against defendants Every Penny Counts, Inc. ("EPC") and S.I.P. Assets, LLC. ("SIP"). (D.I. 1.) BANA asks that the court declare 1) who owns and is entitled to enforce United States Patent No. 6,112,191 (the "'191 patent"); 2) that the '191 patent is invalid; and 3) that BANA has not infringed the '191 patent. (D.I. 1, Wherefore Clause.) BANA filed the original complaint in the present action less than two months after EPC filed suit against Bank of America Corporation (BAC) and VISA, Inc. ("VISA") in the United States District Court for the Middle District of Florida for infringement of the '191 patent (Case No. 2:07-cv-0042-JES-SPC) (the "Florida Action"). EPC later amended its complaint in the Florida Action, on March 21, 2007, to add BANA as a defendant.

Presently before this court are two motions. The first is SIP's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter. (D.I. 13.) The second is EPC's Motion to Dismiss, Stay, or Transfer. (D.I. 15). For the reasons that follow, the court will grant EPC's request for a transfer, based upon the rule of comity among federal courts, otherwise known as the "first-to-file rule."

## II.    BACKGROUND

The following background facts are taken from the parties' pleadings and do not constitute findings of fact.  The '191 patent was issued to Bertram V. Burke on August 29, 2000.  The '191 patent's title indicates that it is for a "METHOD AND SYSTEM TO CREATE AND DISTRIBUTE EXCESS FUNDS FROM CONSUMER SPENDING TRANSACTIONS."  (D.I. 1-2 at 2.)  The patent was assigned to "Every Penny Counts, Inc.," while its application was still pending, and the assignment was recorded on March 31, 1997.  (D.I. 18-4 at 13.)  On April 20, 2004, EPC entered into a license agreement with SIP granting SIP an exclusive license to the '191 patent within a specified Field of Use.  (D.I. 11-2 at 2.)  In the fall of 2004, SIP made a presentation to BANA, during which SIP represented that it had "fully acquired" patents concerning the technology at issue, including the '191 patent.  (D.I. 18-2 at 4.)  On June 8, 2005, SIP received a written notice from EPC indicating that the license agreement had been terminated on or about May 5, 2005.  (D.I. 11-3 at 2.)

On or about October 2005, BANA launched the Keep the Change ("KTC") program.  (D.I. 16 at 4.)  Under the KTC program, the amount of every purchase that customers make with a Bank of America debit card is automatically rounded up to the nearest whole dollar and the difference between the purchase amount and the nearest whole dollar is transferred from the customer's checking account to the customer's savings account.  (D.I. 17-5 at 2.)  In the Florida Action, EPC contends that the KTC program infringes on the '191 patent.  (D.I. 8 ¶¶ 10-11.)  On April 6, 2007, BAC and BANA jointly filed a Motion to Dismiss and Transfer the Florida Action to this Court.  (Florida Action, D.I. 33.)  That motion is still pending, and discovery is ongoing.

2

In its motion to dismiss filed before this court, SIP contends that the court lacks subject matter jurisdiction because no actual case or controversy exists between SIP and BANA because SIP is only a former licensee of the '191 patent and has never had any ownership interest in the '191 patent. (D.I. 14 at 6.) In its motion to dismiss, stay, or transfer, EPC argues that SIP is not a proper party to the dispute because its license terminated prior to the launch of the KTC program, which is the only product accused of infringement in both this action and the Florida Action. (See D.I. 16 at 4.) EPC further contends that because SIP is not a proper party to this action, the court should dismiss, transfer, or stay this action under the first-filed rule. (Id. at 5.)

## III.  STANDARD OF REVIEW

### Motion to Transfer

Under 28 U.S.C. § 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003) (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of the interests of justice and the convenience of the parties and witnesses, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include the plaintiff's choice of forum; the defendant's preference;

3

whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative forum. *Id.* at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80.

## IV.    DISCUSSION

EPC asserts in its motion that the filing of the present suit in this court is an attempt to deprive EPC of its chosen forum in the Florida Action, which was commenced before the present action. (See D.I. 16 at 3.) In its answering brief opposing the motion, BANA asserts that while the Florida Action was indeed filed first, "the Middle District of Florida could not provide the relief BANA needed" because the Florida court "does not have personal jurisdiction over SIP." (D.I. 19 at 4.)

In patent cases, the Federal Circuit applies "the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). EPC filed its complaint in the Florida Action approximately two months before BANA filed its complaint in the present action. Significantly, BANA filed a motion in the Florida Action to transfer that case from the Middle District of Florida to this court less than three weeks after filing suit here. BANA has not attempted to join SIP as a party to the Florida Action, nor has BANA filed any motion that would allow the Florida court to determine

4

whether it has jurisdiction over SIP. As a result, as much as this court can discern, the Florida court has never had the opportunity to determine whether SIP is a necessary party in the Florida Action or whether the Florida court has personal jurisdiction over SIP. With the institution of a separate action in this court, BANA essentially asks this court to substitute its judgment for that of the first-filed Florida court on the scope of the Florida court's jurisdiction. It would be presumptuous for this court to make such a determination, particularly while BANA's motion to transfer is still pending in the Florida Action.

Furthermore, given the similarities between the issues underlying the Florida Action and those underlying the present action, allowing both cases to proceed concurrently would be both inconvenient to the parties and an inefficient use of judicial resources. The first two counts of BANA's amended complaint in the present action mirror the first and second affirmative defenses from BAC's answer in the Florida Action. (*Compare* D.I. 6 ¶¶ 16, 19, *with* Florida Action D.I. 31 at 6.) The third and final count of BANA's amended complaint in the present action seeks only a declaration of ownership for the '191 patent, a claim that does not significantly distinguish the issues in the present action from those in the Florida Action, particularly since BANA could raise those issues in the first-filed Florida Action.

The sole reason cited by BANA for filing a new complaint in Delaware instead of making its case through the Florida court is that SIP is a necessary party to the dispute over the '191 patent and that the Florida court cannot exercise jurisdiction over SIP. (See D.I. 19 at 4.) As explained above, however, that issue is one that is properly resolved by the court in the first-filed Florida Action. *See In re Com21, Inc.*, 357 B.R. 802, 809 (Bankr. N.D. Cal. 2006) ("In light of the deference to be given to the first filed case, whether [third parties] can and should be

joined in the [first-filed] litigation are issues that, in the first instance, should be considered by the [] District Court [in the first-filed action]."); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,* 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982) ("[T]he court is of the opinion that the district court hearing the first-filed action should determine whether special circumstances dictate that the first action be dismissed in favor of a later-filed action.  Absent such a rule, there exists the possibility of inconsistent rulings on discretionary matters as well as duplication of judicial effort."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) ("Indeed, it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies.").

Given the substantial overlap among the parties and issues involved, the interests of justice and judicial administration, as well as the practical considerations contemplated by the *Jumara* factors, the court finds that transferring the present action to the first-filed court is warranted.  For these reasons, EPC's motion to transfer this action to the Middle District of Florida is granted.

**V.    CONCLUSION**

For the reasons stated above, EPC's motion to transfer (D.I. 15) is granted, and this action will be transferred to the Middle District of Florida.  In light of the transfer, the court leaves the decision on issues such as the necessity of SIP as a party or whether the Florida court has personal jurisdiction over SIP to the Middle District of Florida.  Therefore, SIP's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 13) is denied as moot.

Dated: September 11, 2007 /s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-159-GMS |
| ) | |
| S.I.P. ASSETS, LLC and ) | |
| EVERY PENNY COUNTS, INC., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. EPC's Motion to Transfer (D.I. 15) is GRANTED;

2. SIP's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 13) is DENIED AS MOOT;

3. The Clerk of Court is directed to TRANSFER the present action to the United States District Court for the Middle District of Florida.


Dated: September 11, 2007                /s/ Gregory M. Sleet
                                         CHIEF, UNITED STATES DISTRICT JUDGE